Peck, J,
delivered the opinion of the court.
The circuit judge in his charge to the jury, left them to consider of the case in one of three aspects: first, as to the honest intent of the parties to the mortgage deed? second, was the power given by the mortgagor to the mortgagee (if it existed at all) to sell the negro, a special or limited power? and thirdly, was it (if given) a general power?
If the mortgage was given for a bona fide debt, and not fraudulently made to cover money not due, and in other respects not fraudulent, then, there being nothing more in the case, it was well left with the jury to find for the plaintiffs. And if the mortgagee gave to the mortgagor a special and limited parol authority to sell the negro for a particular sum, as the best that could be had above $425, provided he would pay over the money secured by the mortgage, still the case would be with *508 the plaintiffs, inasmuch as the authority had not been pursued m paying over the money.
But if the authority by parol had been general, and the payment over of the fund to be raised were not made a condition, but left to the honesty of the agent to sell and account, which he never did, then the jury would be warranted in finding for the defendant, in as much as the mortgagee had to look to the person in whom he had trusted.
If the facts in the case establish the existence of the parol authority in the view the court has taken of it, that authority, though by parol authorized, the sale, pri-ma facie possession, in him making the sale was evidence of right. When the plaintiffs rebutted that evidence of right by the production of the mortgage deed, he was met with the, authority to sell, and this included within itself the evidence of a parting with the property; the power being general and not special the plaintiffs’ right to recovery was negatived as before observed. If it were permitted the plaintiffs to part with the possession under the parol agreement to sell, and then recover alone on the mortgage, the effect would be a fraud secretly practised upon Carrol.
It follows, therefore, that the circuit court fairly presented the law of the case to the jury, for it is not questioned chat the power to sell the negro might be good, though a parol power.
The evidence in the record conclusively proves the power. Mrs. Burge says it was talked of when the mortgage was drawn, and afterwards a letter was sent to Burge by the plaintiffs offering to purchase at $425, and in case that sum would not be received, the negro might be sold for more if it could be had, and in these authorities to sell no limitation is fixed.
William Burge, another witness, is still more particular to this point. The evidence appears to have been very candidly detailed, and is such as might well war *509 rant the jury in finding for the defendant on this question alone. Upon another ground, the suspicious character of the mortgage including other property,, the sum secured being probably greater than the debt due, and the fact that it was made in part to “keep off others,” were matters alone for the jury to weigh, touching the imputation of fraud in procuring the mortgage. In short, the evidence was for the jury, and we are so far from con-troling the inferences drawn from it, that we think it sustained by the proof.
Judgment affirmed.